## ROOKER and Another *v.* WISE, Administrator.

Where the record does not properly contain the evidence, the Supreme Court cannot determine whether there was a variance between the note sued on and that produced in evidence.

If the record does not show any amendment of the pleadings, it will be presumed that an amendment assigned for error was correctly made.

Where the record contains no replication, it cannot be assigned for error that the Court permitted a replication to be filed after trial and judgment.

Proceedings to try the question of suretyship do not affect the proceedings of the plaintiff.

The judgment rendered against a surety is the same as against his principal. If a surety does not apply for an order directing the sheriff to levy upon and exhaust the property of the principal first, &c., as provided by statute, he cannot complain on appeal that an execution might be issued against him as a principal.

APPEAL from the *Hamilton* Court of Common Pleas.

WORDEN, J.—Suit by *Wise*, as administrator, against *Rooker* and *Eller*, on a note made by them to the plaintiff's intestate. Answer by the defendants, that they are not indebted to the plaintiff, as alleged in the complaint; and by *Eller*, that he is surety only upon the note. Trial by the Court. Finding and judgment for the plaintiff.

The following are the errors assigned:

1. There is a fatal variance between the note introduced in evidence, and the one sued on in the complaint.

2. In permitting the plaintiff below to amend the complaint, after all the evidence was heard.

3. In suffering the plaintiff below to file a replication after the trial was over, and after judgment was rendered.

4. In rendering a judgment in the face of the statute, and such as the pleadings would not authorize.

The evidence not being set out, we cannot say whether there was any variance between the note introduced and the one declared upon. The clerk, to be sure, copies a note into the transcript, and says it was offered in evidence, but that does not make it a part of the record.

The record does not show what amendment the Court permitted to be made to the complaint, and as amendments may be made in certain cases, we must presume that it was correctly permitted. See sections 94, 95 and 99 of the code.

The record does not show that the Court permitted a replication to be filed after trial and judgment. On the contrary, no replication appears in the record. It is stated that the plaintiff filed a replication, but this was before trial. No replication, however, was set out; nor is there any order of the Court permitting one to be filed.

The point made by the last assignment of error is, that, as there was an answer by *Eller*, setting up that he was surety only on the note, which was not replied to, judgment should have been rendered against him accordingly.

Whether the answer by *Eller*, setting up that he was surety only, can be deemed a written complaint, within the meading of § 674, p. 186, of the code, we need not de-

May Term,
1860.

termine, as proceedings to try the question of suretyship do "not affect the proceedings of the plaintiff." The judgment is rendered precisely the same against sureties as principals. If the finding be that one is surety only, "the Court shall make an order directing the sheriff to levy the execution first upon, and exhaust, the property of the principal, before a levy shall be made upon the property of the surety; and the clerk shall indorse a memorandum of the order on the execution." Sec. 675.

*Eller* did not apply for any such order. The judgment against him is entirely proper and correct.

*Per Curiam.*—The judgment is affirmed with 6 per cent. damages and costs.

*D. C. Chipman*, for the appellants.