MOORMAN and Others *v.* BARTON.

*Bickle* and *Burchenal*, for the appellants.

*James Perry*, for the appellee.

---

MOORMAN and Others *v.* BARTON.

A plea of usury which purports to answer the whole cause of action, when
the facts pleaded are a bar to a part only of the claim, is bad on demurrer.

An answer setting up in bar of the action that the defendant was a surety
on the contract sued upon is bad, as that fact can only go to the direction
of the officer in levying the writ to be issued on the judgment.

A plea setting up an unauthorized alteration of the note sued upon is, in
substance, a plea of *non est factum*, and if not verified by affidavit is
equivalent to the general denial.

Evidence under the general denial is restricted, by the code, to that which
tends to negative what the opposite party is bound to prove.

Where the defendant answers, to an action upon a note, the general denial not verified by affidavit, the plaintiff is only bound to prove the existence of such a note as he has declared on, the execution of it, as copied in the complaint, being admitted; and hence, the defendant can not give evidence of an alteration of the note.

May Term, 1861.

MOORMAN v. BARTON.

APPEAL from the *Wayne* Common Pleas.

PERKINS, J.—Suit by *Barton* against *Moorman, Wiggs,* and *Moorman,* upon a promissory note for $482. Answer in bar: 1. General denial. 2. Payment. 3. That usurious interest was included in the note, which it was proposed to set-off. (See, in this connection, *Beauchamp* v. *Leagan,* 14 Ind. 401.) 4. That the note was altered without the consent of the makers. 5. That *Wiggs* and *Moorman* were sureties on the note.

A demurrer was sustained to the third, fourth and fifth paragraphs of the answer. The ruling upon the demurrer was right as to the third paragraph, because that paragraph purported to go in bar of the whole action, while it could go in bar of but a part of it. *Brown* v. *Perry,* 14 Ind. 32; Ind. Dig., p. 658. The ruling was right as to the fifth paragraph, because that paragraph did not contain matter in bar of the action, but only matter for ground of direction as to the execution upon the judgment. *Rooker* v. *Wise,* 14 Ind. 276. The ruling upon the demurrer to the fourth paragraph did no harm, though perhaps erroneous, (see *McNeer* v. *Dipboy,* 14 Ind. 18) because that paragraph amounted, in substance, to *non est factum,* and not being verified was equivalent to the general denial simply; but the general denial was already in. *Daily et al.* v. *Nuttman,* 14 Ind. 339; 2 Greenl. Ev., §§ 6, 7, 8; Ind. Dig., p. 652.

It is claimed that usury and alteration of the note might have been given in evidence under the general denial; but they could not. Evidence under the general denial is restricted by the code, to that which tends to negative what the opposite party in the given case is bound to prove, to succeed upon the issue being tried. *Brown* v. *Perry,* 14 Ind. 32. See Ind. Dig., p. 652, and 2 Greenl. Ev., §§ 6, 7, 8. Now what in this case was the plaintiff bound to prove under the general denial? Simply the existence of such a note as he had copied into his complaint. The note, as copied,

*Saturday, June 1.*

included the alterations, if they existed; they were a part of it, if no variance appeared; and of course were admitted as a part of the note, there being no denial under oath. Had there been a denial under oath of the execution of the note sued on, or had the question of alteration arisen upon an instrument offered in evidence which had not been made a part of the pleadings, then the point might have arisen as to the presumption, the hand-writing having been proved, touching erasures and interlineations; whether they were to be taken, *prima facie*, as having been made before, or after, the signing of the instrument. As to this, see Will. on Per. Prop. side p. 79; 2 Wend. Blackstone, p. 308, notes 21, 22; *Stoner* v. *Ellis*, 6 Ind. 152; *The People* v. *Minck*, 21 N. Y. Rep. (Ct. of App.) 539; *French* v. *The State*, 12 Ind. 670. As to the difference of presumption in case of negotiable and other written instruments, see Byles on Bills, 3 Am. Ed. top p. 374; and more pointedly, 1 Phillips' Ev. 4 Am. Ed. p. 606; 3 *id.* 152, *et seq.* See 1 Phillips, *supra*, as to difference in civil and criminal cases.

*Per Curiam.*—The judgment below is affirmed, with 2 per cent. damages and costs.

*Bickle* and *Burchenal* for the appellants.

*James Perry*, for the appellee.