May Term, 1858.

KERSTETTER
v.
RAYMOND.

———+———

## KERSTETTER *v.* RAYMOND.

The Court may permit the parties to perfect their pleadings, at any time, upon the issues formed before the submission of the case to the jury; but it cannot permit a party to amend so as to present a new issue after the evidence and the argument have been heard.

*Quære,* whether the Court should permit a reformation of the whole pleadings, at any time, upon cause shown.

In cases where, under the former practice, general assumpsit might be brought where there had been a special contract, an action may now be brought upon the implied legal engagement or obligation of the defendant to pay for the services or thing ordered or received by him, without reference to the special contract.

If the defendant, in such case, would avail himself of the special contract, either to defeat the action or to fix the measure of damages, he must plead it, and produce it in evidence.

But if, in such a proceeding, the existence of a special contract is developed by the evidence, the plaintiff must show its stipulations, and that he has

| | |
|---|---|
| 10 | 199 |
| 145 | 317 |
| 10 | 199 |
| 158 | 481 |
| e158 | 482 |
| 158 | 484 |
| 10 | 199 |
| 159 | 495 |
| 10 | 199 |
| 163 | 532 |
| 163 | 533 |

May Term,
1858.
───────
KERSTETTER
v.
RAYMOND.

Thursday,
May 27.

complied with them on his part, or that he has been prevented from doing so; and he must make it appear that he is in a condition to recover without regard to it.

APPEAL from the *Elkhart* Court of Common Pleas.

HANNA, J.—*Raymond* sued *Kerstetter*, and alleged that the defendant was indebted to him in the sum of 981 dollars, for personal property sold and delivered to defendant, the particulars of which are set forth in an account filed.

The account referred to, a copy of which is attached to the complaint, was for a certain number of pounds of live hogs and cattle at fixed prices per hundred pounds.

The answer to the complaint was in two paragraphs—first, a denial; secondly, that the property was "purchased for and sold to *A. Brown & Co.*, for whom defendant was agent."

Upon the trial, after the evidence was closed, and the case had been argued to the jury, the plaintiff asked and obtained leave, over the objection of the defendant, to file an additional paragraph to his complaint. The paragraph was upon a written contract, and sets forth the terms but not a copy of such contract. The defendant then asked time to prepare an affidavit for a continuance, on the ground of surprise. He then moved to strike out the additional paragraph. He then offered to file a demurrer to the same; each of which motions was overruled by the Court. On leave, the defendant thereupon filed an answer, specially denying that he made a written contract as alleged, which answer is sworn to.

The Court then, over the objection of the defendant, instructed the jury.

Before the jury retired, the plaintiff asked leave to amend the additional paragraph of his complaint by adding these words: "A copy of which said contract the plaintiff is not able to give, by reason of its being in possession of the adverse party." The defendant. objected. The amendment was filed. No evidence was given by either party after these pleadings were filed.

Did the Court err in thus permitting amendments, as they are called in the record?

Several provisions of our statute are referred to.

"The Court may at any time, in its discretion, and upon such terms as may be deemed proper for the furtherance of justice, direct the name of any party to be added or struck out; a mistake in name, description, or legal effect, or in any other respect, to be corrected; any material allegation to be inserted, struck out or modified to conform the pleadings to the facts proved; when the amendment does not substantially change the claim or defense." 2 R. S. p. 48, § 99.

"Any pleading may be amended by either party, of course, at any time before the pleading is answered." *Id.* § 97. And again, "No cause shall be delayed by reason of an amendment, excepting only the time to make up issues, but upon good cause shown by affidavit of the party or his agent asking the leave." *Ibid.*

In the case of *Ostrander* v. *Clark*, 8 Ind. R. 211, it is decided that the jury should be sworn after the issues are completed. In the case at bar, the additional paragraph and answer referred to, made an issue not formed by the original pleadings, nor was it similar to those then formed. The jury had been impanneled and sworn before that issue was made, and could not, therefore, under that impanneling and swearing, properly try the same. Section 212, 2 R. S. p. 107 provides that—

"Before the commencement of the trial, an oath must be administered to each juror that he will well and truly try the matter in issue between the parties," &c.

This would appear to involve the necessity of closing the issues that are intended to be submitted to the jury, before they are sworn. *Ostrander* v. *Clark*, 8 Ind. R. 211. The amendment of the pleadings, so as fairly to present to the jury the issues they are sworn to try, is manifestly very different from the formation of a new issue, by filing additional pleadings, during the progress of the trial. Without doubt the Court would have the power under the statute, upon a proper case made, to permit the parties to perfect the pleadings, at any time, upon the issues made before the submission to the jury, and then complete the trial.

But we think it could not permit a party to present, as a matter of course, a new issue for trial, at the stage of a case in which these amendments, as they are termed, were filed. *Shank* v. *Fleming*, 9 Ind. R. 189. Whether the Court should permit a reformation of the whole pleadings, at any time, upon cause shown, and what would be the effect of thus reforming the pleadings, are questions not now before us.

The new pleading having been improperly filed, the next question is as to its effect.

The parties appear to have acted, in this case, upon the presumption that it is obligatory upon one who resorts to a suit, to seek his remedy upon the written contract or agreement, where one exists, in reference to the subject-matter embraced in the controversy. This is evident from the fact that, after the evidence disclosed the existence of a written contract, the plaintiff sought and obtained leave to file the additional paragraph to his complaint, and from the further fact that the defendant asked certain instructions to the jury, directed to that point. Should the written contract have been made the foundation of the suit? A copy of it is not given. The paragraph professes to set forth its terms and stipulations. No proof was given as to its terms, &c.

There could be no doubt, from the evidence, about the plaintiff having parted with his property on some kind of contract, either express or implied, with defendant. The evidence is conflicting as to whether the defendant was acting for himself or for others, in making the purchase. It was a question for the jury.

Several instances are given in which general assumpsit might be brought, under the old form of pleading, where there has been a special contract—the following among others:

1. " Where the whole of such contract has been executed on the part of the plaintiff, and the time of payment on the other side is past, a suit may be brought on the special contract, or a general assumpsit may be maintained; and in the last case, the measure of damages will be the rate

of recompense fixed by the special contract." 2 Smith's
Leading Cases, 41.—*Bank of Columbia* v. *Patterson's Admr.*,
7 Cranch, 299, 2 Curtis, 540.—1 Bacon's Abr. 380.— *Ches-*
*apeake and Ohio Canal Co.* v. *Knapp*, 9 Pet. 541, 11 Cur-
tis, 476.

2. " If there has been a special contract which has been
altered or deviated from in particulars, by common consent,
general assumpsit will lie," &c.   2 Smith's Leading Cases,
p. 42.—*Dubois* v. *The Delaware and Hudson Canal Co.*, 4
Wend. 285.—*Jones* v. *Woodbury*, 11 B. Mon. 169.

3. " If there has been a special contract, and the plain-
tiff has performed a part of it according to its terms, and
been prevented by the act or consent of the defendant, or
by the act of the law, from performing the residue, he may
in general assumpsit recover compensation for the work ac-
tually performed, and the defendant cannot set up the spe-
cial contract to defeat him."   2 Smith's Leading Cases, p.
43, and cases cited.—*Scobey* v. *Ross*, 5 Ind. R. 446.

4. Under the decisions in this state, the following prin-
ciple is also established, to-wit:   " That when one party to
a special entire contract has not complied with its terms,
but professing to act under it, has done for, or delivered to,
the other party something of value to him which he has
accepted," &c., and the time for performance of the con-
tract is past, an implied promise arises to the extent of the
value, &c.   *Lomax* v. *Bailey*, 7 Blackf. 603.—3 Ind. R. 73.

This being the law previous to the adoption of our new
code of procedure, the question presents itself, as to whe-
ther that has changed it.   We have not been able to find
any statute directly in point.   We are referred to 2 R. S.
p. 44, § 78, where it is said that—" when any pleading is
founded on a written instrument, or on account, the origi-
nal or a copy thereof must be filed with the pleadings,"
&c.   This, it is insisted, makes it the duty of a party seek-
ing to recover for the breach of a contract so reduced to
writing, to sue upon the special contract, and file the origi-
nal or a copy thereof; and it is contended that this is man-
ifest from the use of the language, " the original or a copy
thereof, must be filed with the pleadings."   This would be

the proper construction, if the former part of the sentence had provided that, when suit was brought upon a contract which had been reduced to writing, then that such filing should take place. But the language used is, when well considered, entirely different. The pleading must be founded upon the written instrument, to entitle the opposite party to the original or a copy. And we have already referred to instances in which it is not necessary that the suit should be founded upon the special contract, although one might have'existed. In such cases, the plaintiff proceeds exclusively upon the implied legal engagement or obligation of the defendant, to pay the value of the services or thing ordered or received by him; nor does the plaintiff legally ground his claim at all upon the special contract, nor derive any right from it, nor make it any part of his case. We think, if our law-makers had intended to change these rules, which have been settled by much litigation, they would have expressed such intention in a direct manner, and would not have left it to be implied.

If the defendant, in the case at bar, had desired to avail himself of any supposed benefit to him, arising out of the written contract; either to defeat the action, or to fix the measure of damages, he could have done so by pleading it in answer and producing it in evidence upon the trial. The mere filing the additional paragraph, without receiving evidence to sustain it, could not have produced any injury to the defendant.

The last error assigned—that the verdict is not sustained by the evidence—we think is well taken. In the absence of evidence that the parties had entered into a special written contract concerning the matters in controversy, the plaintiff had, by the testimony introduced, so far made out a case as to leave it a question for the jury whether he had a right to recover; but after there was evidence given that such written contract existed, the plaintiff did not attempt to show what its stipulations were, or that he had complied upon his part, or been prevented from complying; nor did he show that, for any reason, he was in a condition to disregard the written contract, and recover for the property

delivered; nor was it given in evidence or its contents proved by the defendant. It is insisted that, evidence upon this point should come from the defendant under these circumstances. We think not. Suppose it was true that the plaintiff had complied with all the stipulations upon his part; still he would have to produce the contract to show that the day of payment had arrived, and that the defendant was in default; so if the special contract had been departed from by mutual consent, or if the plaintiff had been prevented from performing, &c., or if the time for the performance of the contract was past and it was no longer open. There was no evidence upon any of these points. *Epperly* v. *Bailey*, 3 Ind. R. 73.—*Wheatly* v. *Miscal*, 5 *id.* 142.—*Lomax* v. *Bailey*, 7 Blackf. 599.

A late writer on evidence holds the following language: " Where in a suit for the price of work and labor performed, it appears that work was commenced under an agreement in writing, the agreement must be produced; and even if the claim be for extra work, the plaintiff must still produce the written agreement; for it may furnish evidence, not only that the work was over and beyond the original contract, but also of the rate at which it was to be paid for. 1 Greenl. § 87.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. A. Liston, T. G. Harris, J. W. Gordon* and —— *Davis*, for the appellant.

*R. Lowry*, for the appellee.