Nov. Term,
1859.

BROWN *v.* PERRY.

BROWN
v.
PERRY.

An answer purporting to go in bar of the whole cause of action, but setting up facts in bar of a part only, is bad on demurrer.

Assumpsit lay to recover the stipulated price due on a special contract not under seal, where the contract had been completely executed, so that only a duty to pay the money remained, and it was not necessary, in such case, to declare upon a special agreement. This rule is applicable to pleadings under the code.

Evidence that the matters for which the suit is brought had been submitted to arbitrators, who had made an award in favor of the plaintiff, is irrelevant under the general issue. An arbitration and award, if relied upon, must be specially pleaded.

*Saturday,*
*January 14,*
1860.

APPEAL from the *Bartholomew* Court of Common Pleas.

WORDEN, J.—Suit by *Perry* against *Brown.* Complaint that defendant owed the plaintiff 100 dollars for house rent and pasturing stock, &c.; also 50 dollars for work done and materials furnished; also 50 dollars for money lent.

Demurrer to complaint overruled.

The defendant, in the fifth paragraph of his answer, pleaded as follows, viz.:

" Said defendant further says that on or about the —— day of *September*, 1856, the cattle, horses, and hogs of the said plaintiff and other persons, trespassed upon and damaged the corn of the said defendant to the amount of 100 dollars, and in consideration of said trespass, said plaintiff promised to pay said defendant whatever the damage so done amounted to, which he has failed, and still fails, to do."

This paragraph was demurred to on the ground, amongst other things, that it did not state facts sufficient to bar the action. The demurrer was sustained. The rulings on the demurrers are assigned for error.

There was no exception taken to the ruling on the demurrer to the complaint, nor is any objection to the complaint pointed out, hence it will be treated as good, although the demurrer to the answer might reach back to it.

The demurrer to the answer was correctly sustained.

The answer, if good in other respects, is fatally defective in setting up facts which at most could only bar 100 dollars, in bar of a much larger claim. The plea professes to answer the whole cause of action, but sets up facts that at most would bar only a part. *Rose* v. *The North River Bank*, 11 Ind. R. 268.— *Conwell* v. *Finnell, id.* 527.

The cause was tried by the Court, on the issues formed, and there was a finding and judgment for the plaintiff for 45 dollars, over a motion made by defendant for a new trial.

Two further errors are assigned, viz.: Overruling the motion for a new trial; and rendering judgment for the plaintiff for costs.

It appears by a bill of exceptions that there was a contract between the parties (which does not appear to have been in writing), by which the house rent mentioned in the complaint was to be at the rate of 30 dollars per annum, and that the defendant should have "pasture for his cows and horses at a reasonable rate." It is objected by the appellant that there could be no recovery under the complaint for the house rent and pasturage, because there was a special contract in reference to them, and the complaint is in general assumpsit. This objection is not well taken. For aught that appears, the agreement had been fully executed on the part of the plaintiff. The inference to be drawn from the statements in the bill of exceptions is, that the defendant had occupied the premises for the full time agreed upon, and had had the benefit of the pasturage stipulated for.

"*Indebitatus assumpsit* will lie to recover the stipulated price due on a special contract not under seal, where the contract has been completely executed, so that only a duty to pay the money remains; and it is not necessary, in such case, to declare upon a special agreement." Chit. on Pl., 10 Am. ed., 340, note 3, and authorities there cited. This rule has been recognized as applicable to pleadings under the code. *Kerstetter* v. *Raymond*, 10 Ind. R. 199.

It further appears by the evidence offered by the plaintiff, that the matters for which the suit was brought had been,

by the agreement of the parties, submitted to arbitrators, who had awarded to the plaintiff the sum of 45 dollars. The appellant insists that the suit will not lie upon the original causes of action, but that they are merged in the award, upon which alone the suit should have been brought.

It is probable that had the arbitration and award been pleaded by the defendant, the plea would have defeated the action on the original cause, and compelled the plaintiff to count upon the award. But no such plea was filed, nor was any issue formed under which the defendant could avail himself of the defense. The arbitration and award constitute new matter which should have been pleaded specially. "All defenses, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially." 2 R. S. p. 42, § 66.

The general denial filed in the case does not enable the defendant to avail himself of this defense. "Under a mere denial of any allegation, no evidence shall be introduced which does not tend to negative what the party making the allegation is bound to prove." Id., p. 45, § 91.

The circumstance that these facts appear by the evidence offered by the plaintiff, cannot alter the case. The evidence of the arbitration and award appears to have been entirely irrelevant to the issues, and cannot, we think, either benefit or prejudice either of the parties.

Leaving out of view any evidence as to the award, the finding is abundantly sustained by the evidence. The bill of exceptions shows that the defendant was indebted to the plaintiff in the sum of 20 dollars for money lent; and for the rent of the house, &c., and for pasture for cows and horses, in the sum of 25 dollars, "after deducting all of said defendants credits, offsets, payments, and counterclaims proven in the action," making the whole amount due the plaintiff, after making the deductions mentioned, the sum of 45 dollars.

No point is made in the brief of counsel as to the judgment against the appellant for costs, therefore the error assigned in that respect, will not be further noticed.

We find no error in the proceedings requiring a reversal of the judgment.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*R. Hill,* for the appellant.

*W. Singleton,* for the appellee.