No. 11,887.

SCOTT ET AL. *v.* CONGDON.

CONTRACT.—*Common Count for Work and Labor.*—*Evidence.*—Under a common count for work and labor performed, evidence of a conversation between the plaintiff and defendant, in which it was agreed that the former should receive a certain sum per month while performing certain work, is competent as tending to show the value of the work and labor done.

SAME.—*Agreed Compensation Recoverable Under Common Count.*—Where the parties have agreed upon the compensation for labor, and it has been performed, the agreed price may be recovered under a common count for work and labor done.

From the White Circuit Court.

*A. W. Reynolds, E. B. Sellers* and *D. D. Dale,* for appellants.

*R. Gregory* and *W. E. Uhl,* for appellee.

HOWK, J.—This was a suit by the appellee against the appellants, in a complaint of four paragraphs. It appears from the complaint that the appellants, as partners, were engaged in the construction of what is called the " Breckbill Gravel Road," in White county. In the first, third and fourth paragraphs of his complaint the appellee alleged that appellants had entered into a special verbal contract with him, whereby he undertook and agreed with them to grade seven miles of such gravel road, and they agreed to pay him therefor a specified price per cubic yard for excavation and embankment; that he was able, ready and willing to perform his part of such contract; but that appellants had prevented him from doing and performing the work he had contracted to do, to his damage, etc. The second paragraph of his complaint was a common count for so much money due the appellee, for work and labor done and performed by him, at the special instance and request of the appellants, whereof a bill of particulars was therewith filed.

The cause was put at issue and tried by a jury, and a ver-

dict was returned for appellee, and, over appellants' motion for a new trial, the court rendered judgment on the verdict.

In this court the only matters complained of by appellants' counsel, as affording any grounds for the reversal of the judgment, are such as arise under the alleged error of the trial court in overruling the motion for a new trial. The other errors assigned by appellants, therefore, need not be further noticed.

The first point insisted upon in argument on behalf of the appellants is, that the trial court erred in admitting in evidence, over their objections, a conversation between the appellant McCollum and the appellee, during which conversation it was agreed by and between them that appellee was to do the first two miles of grading on the Breckbill Gravel Road, and was to receive therefor one hundred-dollars per month while so engaged. It is claimed by appellants' counsel that this evidence was incompetent, because they say that for such work appellee had not sued upon appellants' special agreement to pay him therefor one hundred dollars per month, but in the common count for work and labor done. We think, however, that upon the issue joined on such common count the evidence objected to was clearly competent, as tending to show the value of the work and labor done by the appellee. *Kerstetter* v. *Raymond*, 10 Ind. 199; *Brown* v. *Perry*, 14 Ind. 32; *Shilling* v. *Templeton*, 66 Ind. 585.

Appellants' counsel next insist that the trial court erred in admitting in evidence, over their objections, certain statements of John Conners, a witness for appellee, in regard to the reasonable cost per cubic yard of excavation and embankment, in the construction of miles 7, 8 and 9, of the Breckbill Gravel Road. The record of this cause fails to show that the trial court admitted in evidence the statements of the witness Conners, whereof the appellants' counsel complain. On the contrary, it is shown by the bill of exceptions that the court sustained appellants' objections to every question, propounded to the witness by appellee, in relation to the ac-

The Board of Comm'rs of Jackson Co. v. The State, ex rel. Hord, Att'y Gen'l.

tual or reasonable cost of grading the seventh, eighth and ninth miles of such gravel road, and excluded from the jury the evidence, apparently intended to be elicited by the answers of the witness to such questions.

It is further claimed, on behalf of appellants, that the court erred in instructing the jury as follows : "If you find that the plaintiff and the defendants agreed upon what the plaintiff's compensation should be for such two months' labor, and the plaintiff has performed the labor, then the agreed price should guide you in estimating the plaintiff's damages." Surely there was no error in this instruction.    In *Brown* v. *Perry*, *supra*, it was held by this court that *indebitatus assumpsit* will lie to recover the stipulated price due on a special contract not under seal, where the contract has been completely executed, so that only a duty to pay the money remains; and it is not necessary, in such case, to declare upon the special agreement.    This rule has been recognized as applicable to pleadings under our civil code.

We have now considered all the points made by appellants' counsel in their argument for a new trial of this cause, and we have found no error in the record which authorizes or requires a reversal of the judgment.

The judgment is affirmed, with costs.

Filed April 21, 1886.