## New Kanawha Coal & Mining Company v. Wright et al.

[No. 20,410.  Filed November 29, 1904.]

Pleading.—*Sustaining Demurrer to Paragraph of Answer.—Harmless Error.*— Sustaining a demurrer to a paragraph of answer, when all the facts therein alleged can be proved under another paragraph of answer in the cause, is a harmless error. *p. 532.*

Principal and Agent.—*Contract.—Quantum Meruit.*—Where a principal employed an agent by contract in writing to secure for such principal a tenant for his property, such agent to receive a certain sum from rentals which he was authorized to collect, and such contract further provided that such principal could revoke such contract of agency at any time, and such agent, pursuant to the contract, rented such prop-

erty, and thereafter, before any rents were paid, the principal revokéd such contract, such agent may recover upon the *quantum meruit* for services under an agreement fully performed the value of his services to the time of such revocation, and an action for breach of contract could not be maintained for the reason the contract had not been broken. *pp. 532, 533.*

From Vigo Circuit Court; *J. E. Piety,* Judge.

Action on contract for services by Don Wright and Sanders Arthur against the New Kanawha Coal & Mining Company. From a judgment for plaintiffs, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901. *Affirmed.*

*C. A. Royse,* for appellant.
*S. K. Duvall,* for appellees.

DOWLING, C. J.—The complaint in this case alleged that the appellant, the New Kanawha Coal & Mining Company, being the owner and having the control of property in Vigo county, Indiana, in October, 1900, entered into an agreement with the appellees, Don Wright and Sanders Arthur, by the terms of which the appellees were to take charge of the said property, rent the same, collect the rents, pay themselves for their services out of said rents, and account to the appellant for the balance of the moneys so collected; that on March 2, 1901, acting under the said agreement, the appellees rented all the real estate of the appellant, consisting of 219 acres of land in said county, with the dwellings thereon, to one Meneely, a responsible tenant, for the term of five years, for an annual rental of $350; that soon after appellees had rented said land to Meneely, to wit, on March 18, 1901, and after the approval and delivery of the lease by the appellant, and before appellees could collect any of the rents under said lease, the appellant, without giving the appellees any compensation for their said services, revoked their authority to act as its agents; that if the appellees had been permitted by the appellant to collect the rents accruing under the said lease,

as provided in said agreement, they would have been entitled to $250, which would have been a reasonable charge for their services; that the appellant is indebted to them in that amount, etc.

The overruling of a demurrer to the complaint for want of facts is the first error assigned.

Treating this as an action upon the *quantum meruit* for services performed by real estate agents under an agreement alleged to have been fully performed by them, the complaint is probably sufficient. *Shilling* v. *Templeton* (1879), 66 Ind. 585; *Jenney Electric Co.* v. *Branham* (1896), 145 Ind. 314, 316, 33 L. R. A. 395; *Board, etc.,* v. *Gibson* (1902), 158 Ind. 471, 483.

The first paragraph of the answer was a general denial, and the second a special plea to the effect that the services mentioned in the complaint were performed under an agreement in writing made by the parties October 11, 1900, and that the appellant performed all the conditions of said agreement on its part. A copy of the writing referred to was filed with the answer as an exhibit. This contract stated that the appellant had appointed Wright & Arthur its agents in Vigo county, Indiana, with authority to act for that company in caring for its real estate and buildings in Nevins township, in said county, the renting of the houses and farm, and the collection of rents due and to become due, and the eviction by legal process of tenants in arrears for rent, and trespassers upon the real estate, but that no lease of the farm was to be made without approval of the company, or without the reservation of all rights in the coal, shale, and clay for brick and tile. It further provided that for their services Wright & Arthur were to receive twenty-five per cent. of the rents collected from the buildings, and ten per cent. of the rents collected from the farm. The company expressly reserved the right to revoke the authority of Wright & Arthur to act as its agents. Other stipulations were contained in

the contract, but they have no bearing upon this case, and need not be further noticed.

A demurrer to the second paragraph of the answer was sustained, but the error, if any, was harmless, as the plaintiffs properly gave the writing set up in the answer in evidence on the trial. *Kerstetter* v. *Raymond* (1858), 10 Ind. 199, 204, 205; *Brown* v. *Perry* (1860), 14 Ind. 32.

The cause was submitted to the court for trial, and, at the request of the defendant, a special finding of facts was made, and conclusions of law were stated thereon. The court found that on October 6, 1900, the defendant was, and ever since had been, a corporation doing business and owning and controlling property in Vigo county, Indiana; that on said day, the plaintiffs and defendant entered into the contract in writing hereinbefore mentioned; that as such agents the plaintiffs procured one Meneely, a responsible person, as tenant of defendant's real estate for a term of five years, upon terms satisfactory to the defendant; that the defendant accepted the services of the plaintiffs, and received Meneely as its tenant on the terms obtained by the plaintiffs; that by said written agreement plaintiffs were to collect the rents of defendant's lands, and to take their compensation out of such rents; that the defendant, by the terms of the contract, had the right to revoke it at any time; that on March 18, 1901, before the commencement of this action, and before the plaintiffs had an opportunity to collect pay for their services in the manner provided for, the agreement was revoked by the defendant.

The first and second conclusions were statements of abstract rules of law and require no notice.

The third conclusion of law was that the appellees, Wright & Arthur, ought to recover from the defendant company for their services $175. Exceptions to the several conclusions of law were duly reserved.

The appellees had rendered valuable services to the ap-

pellant under the agreement, and, so far as they were permitted by the defendant to do so, they had fully performed the conditions of their contract. By its express terms, the appellant had the right to revoke the appointment of the appellees as its agents, and in exercising this right it acted in pursuance of the contract, and not in violation of it. But the right to revoke the appointment of the appellees did not include the power to deprive them of their reasonable compensation for services performed by them under the agreement before the revocation of their authority, the benefit of which was received by the appellant. By this exercise of its election to terminate the employment of the appellees before any rents were collected by them out of which they could obtain compensation, the appellant prevented the appellees from fully executing the contract, and deprived them of the benefit of its provisions in their favor. It can not be denied that the finding of a tenant for the appellant's lands for a term of five years at an annual rental of $350 was a benefit to the appellant. The contract fixed the compensation of the appellees, as the agents of the appellant, at twenty-five per cent. of the rents collected from the dwellings, and ten per cent. of those collected from the tenants of the farm. While the appellant had the right to terminate the contract at any time, yet, after it had received benefits from the services of the appellees, it could not by revoking their appointment escape liability for a reasonable compensation for any work they might have done before such revocation of their authority. No action could be maintained by the appellees on the contract, for the reason that no breach had taken place. But they had the right to sue for the value of the services rendered, of which the appellant had received the benefit, and in that action they not only had the right to introduce the written agreement, but they were bound to do so. *Kerstetter* v. *Raymond, supra;* 1 Greenleaf, Evidence (16th ed.), §187; *Shilling* v. *Templeton* (1879), 66

Toledo, etc., R. Co. v. Fenstermaker.

Ind. 585. The third conclusion of law was correct. Evidence of the value of the work or services was competent and necessary.

The proof sustains the finding of facts. Judgment affirmed.