PEDEN ET AL. *v.* SCOTT ET AL.

[No. 5,181.    Filed April 28, 1905.]

1. PLEADING. — *Complaint.* — *Money Due Under Written Contract.* — *Indebitatus Assumpsit.*—Indebitatus assumpsit lies, regardless of the Indiana code of civil procedure, for the recovery of a sum due under a written contract fully performed by the plaintiff.  p. 371.

2. TRIAL.—*Instructions.*—*Written Contract.*—*Recovery on, Under Indebitatus Assumpsit.*—It is not error to refuse to instruct that a recovery of the amount due under a written contract for goods delivered can not be had in the common-law action of *indebitatus assumpsit.*  p. 372.

3. EVIDENCE.—*Defects in Monument.*—*Probable Cause of.*—Where the answers to the interrogatories showed that plaintiffs' contract was to deliver a monument free from defects, f. o. b. cars at shipping point, and that they did so, and that the monument was not defective at the time of the trial, evidence by plaintiffs as to what might cause cracks or checks in such a monument, even though erroneous, was harmless.  p. 372.

From Huntington Circuit Court; *James C. Branyan,* Judge.

Action by Charles R. Scott and another against Hiram V. Peden and another. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*Lesh & Lesh,* for appellants.
*Spencer & Branyan,* for appellees.

BLACK, J.—In the complaint of the appellees against the appellants, after preliminary averments, it was alleged that the latter were indebted to the former in a specified sum for goods and merchandise sold and delivered to the appellants at their special instance and request, a bill of particulars of which, it was alleged, was filed with and made part of the complaint, and that a specified sum was due and unpaid. Wherefore, etc. The bill of particulars was an account for "Merchandise, consisting of a monument, bases, etc., namely, the Adam Q. Kenover monument, $350; interest on same from April 30, 1903, to September 15, 1903, $8; total, $358." Issues formed were tried by a jury, who rendered a general verdict for $350 in favor of the appellees, and returned answers to interrogatories.

The motion of the appellants for judgment in their favor on the answers to the interrogatories, notwithstanding the general verdict, having been overruled, it is contended that this ruling was erroneous, because by the answer to one of the interrogatories the jury specially found that the appellees agreed, by a written contract, set forth, to furnish a monument to the appellants, said contract being an order signed by the appellants, describing the monument, and stating conditions under which it would be furnished, the price ($350) and time of payment.

1. It is claimed on behalf of the appellants, in effect, that there could be no recovery under such a complaint upon proof of such a written contract. Where there has been full performance on the part of the plaintiff of a special contract,

so that the price in money for such performance, stipulated in the contract, is due to the plaintiff by its terms, though the action for such price may be based upon the special contract, yet this is not necessary; for it is settled that in such case *indebitatus assumpsit* will lie for the recovery of the stipulated price, and the plaintiff may use the special written contract as evidence of the amount due. Such action upon the common count proceeds upon the theory that, the plaintiff having fully performed on his part, a duty has arisen on the part of the defendant to pay the stipulated price, and a new cause of action, at the option of the plaintiff, may be based upon the nonperformance of this legal duty, wherein the stipulated price is the *quantum meruit*. It is useless to question here whether this rule of pleading is contemplated by the code or logically consistent with the principles of the reformed procedure, for it is established by the decisions that it is allowable under the code. See *Farron* v. *Sherwood* (1858), 17 N. Y. 227; *Hosley* v. *Black* (1863), 28 N. Y. 438; *Higgins* v. *Newtown, etc., R. Co.* (1876), 66 N. Y. 604; *Kerstetter* v. *Raymond* (1858), 10 Ind. 199; *Brown* v. *Perry* (1860), 14 Ind. 32; *Shilling* v. *Templeton* (1879), 66 Ind. 585; *Scott* v. *Congdon* (1886), 106 Ind. 268; *Miller* v. *Eldridge* (1891), 126 Ind. 461; *Jenney Electric Co.* v. *Branham* (1896), 145 Ind. 314, 33 L. R. A. 395.

2. The motion of the appellants for a new trial was overruled. We will not notice the matters as to which the appellants have failed in their briefs sufficiently to comply with the rules of this court concerning briefs of appellants. From what we have said, it is manifest that there was no error in the refusal of the court to instruct that there could be no recovery upon the complaint if the jury should find from the evidence that the contract for the sale of the monument was in writing.

3. It appears from the answers to the interrogatories that the appellants had received from the appellees the monu-

ment so ordered, and had set it up at the grave of the decedent so named in the order, and had received payment therefor from the administrator of the decedent's estate. The second paragraph of answer was based upon the written order. It contained stipulations that the monument was to be f. o. b. cars at the quarry in Vermont, and that all goods were to be shipped at the owner's risk, and that the appellees positively would not assume responsibility for damages and delays in transit. It was claimed by the appellants, in this answer, that there was a crack in a certain portion of the monument which impaired its value; and on the trial the court permitted a certain witness, who was an expert stonecutter, and who had cut the stone in question, to state, in answer to questions propounded to him over objections of the appellants, various ways in which a crack, such as was described in questions addressed to him, could be caused.

If there was error in the admission of such testimony, it appears not to have affected the appellants injuriously; for it was specially found by the jury that there was not any check or crack in the monument or any part thereof at the time it was put on board of cars in Vermont, and that at the time of the trial there was not any check, crack or flaw in the monument that seriously affected its usefulness or appearance.

Judgment affirmed.