BLACK SERVANT MANUFACTURING COMPANY *v.* BEATTY.

[No. 14,459. Filed September 30, 1932.]

*Harvey B. Hartsock* and *C. M. Wells,* for appellant.

*Frank C. Dailey, Perry E. O'Neal, Robert A. Efroymson* and *Oscar A. Jose, Jr.,* for appellee.

CURTIS, J.—This was an action by the appellee against the appellant to recover, under an alleged contract, for salary and to recover also for services alleged to have been rendered to the appellant by the appellee after such contract expired, and for expenses incurred by the appellee in connection with such alleged employment.

The complaint was in two paragraphs, the first of which is predicated upon appellant's asserted breach of the alleged contract for salary whereby the appellant is alleged to have employed the appellee to sell and service appellant's products—coal stokers—and by which appellant is alleged to have agreed to pay appellee the sum of $250.00 per month plus certain expenses, which contract is alleged to contain the provision that "The parties to said agreement further agreed that they would on or about January 1, 1931, reach a further and supplemental agreement for the continued employment of the plaintiff by the defendant." This paragraph of complaint alleges there is due the sum of $500.00 for wages and the additional sum of $43.51 for expenses. The second paragraph of the complaint alleges that the appellant failed and refused to make said further and supplemental agreement with the appellee, although often requested by the appellee so to do; that subsequently to January 1, 1931, "at the instance and request of the defendant and defendant's agents, plaintiff continued to render his services, as branch manager and salesman, to defendant in the same manner as under said agreement, and continued to perform all duties and obligations that plaintiff was directed and requested by defendant to perform; that defendant terminated said employment on March 1, 1931; that the defendant is

indebted to the plaintiff in the sum of $738.86 for work and labor performed and expenses incurred by the plaintiff as office manager of the Cincinnati branch office of defendant company and as salesman in said territory for the products of defendant company from January 1, 1931, to March 1, 1931, as set forth in a statement attached hereto, made a part hereof and marked "Exhibit B"; that said expenses were incurred in the course of plaintiff's employment and while plaintiff was outside of the city of Indianapolis, Indiana, and all in the conduct of the defendant's business; that said work and labor was performed and said expense incurred at the instance and request of the defendant and was fairly and reasonably worth said sum of $738.86, which is long since due. The prayer of this paragraph is for $1,000.00.

To each paragraph of the complaint the appellant filed an answer in two paragraphs. To the second paragraph of said answer the appellee filed a reply in general denial. Upon the issues thus tendered the cause was submitted to the court for trial without the intervention of a jury. There was a finding and judgment for the appellee against the appellant in the sum of $1,030.14. A motion for a new trial was seasonably filed and overruled and this appeal prayed and perfected.

The overruling of the motion for a new trial is the only error relied upon for reversal. This motion is for the following causes: (1) The decision of the court is not sustained by sufficient evidence; (2) The decision of the court is contrary to law; (3) Error in the assessment of the amount of recovery; in this the amount is too large.

After a reading of the evidence brought before us, the admissibility of which is not now challenged by any assignment of error in this court, we have had no diffi-

culty in concluding that the trial court had ample evidence before it to sustain the finding necessarily made by it that the appellee was in the employ of the appellant under some arrangement as to his pay for the entire period covered by the complaint. The method of computing the amount is in dispute. The appellee claims his employment was upon a salary and expense basis and that the appellant terminated said employment on March 1, 1931. The appellant claims, in the main, that the employment was upon a commission basis to be paid by one Shuttleworth, who was, for the most part of the time mentioned in the complaint, the Indiana sales manager for the appellant. The trial court heard the evidence and we are not at liberty to substitute our judgment for the judgment of the trial court. The rule that this court will not weigh conflicting evidence under circumstances like those of the instant case is so well established that no citation of authority is necessary to support it.

But it is earnestly contended by the appellant that the second paragraph of the complaint was drawn upon the theory of quantum meruit covering the time the appellee claims to have been employed after January 1, 1931, to the date of the termination of the arrangement on March 1, 1931, and that there is a failure of proof as to the reasonable value of said services or expenses during such period. We quote from the appellant's brief as follows: "Even should the court conclude that at some time there was a contract between appellee and appellant whereby a price for the services or expenses to be rendered or incurred thereunder was agreed upon, such contract is no evidence of the reasonable value of services or expenses rendered or incurred as alleged in the paragraph on quantum meruit."

The trial court evidently adopted that evidence which

tends to prove that the appellee, while working at Indianapolis, was to receive $250.00 per month, plus his expenses while out of the city, including 7 cents per mile for the use of his car, and that he was transferred to Cincinnati upon the same basis where he worked from January 1, 1931, to March 1, 1931, of the same year, at which time he was discharged by the appellant. There seems to be ample evidence that the appellee performed his part of the contract and rendered services up to March 1, 1931, and that he made demands for his salary. There was also evidence to the effect that while the appellee was at Cincinnati both Mr. Brinkman, the appellant's general manager, and Mr. Shuttleworth, the agent and distributor for the appellant in Indiana, Ohio and Kentucky, promised the appellee several times to come to Cincinnati to make a permanent arrangement with him concerning his employment there.

We believe, under the circumstances of the instant case, that the appellee, in addition to recovering for unpaid salary and expenses for the time prior to January 1, 1931, under his first paragraph of complaint, is entitled to recover for the period of time from January 1, 1931, to March 1 of the same year under the pleading of the common count in the second paragraph, even though the evidence may show a special contract, or the lack of a special contract due to the failure or refusal of the appellant to make one. In *Peden* v. *Scott* (1905), 35 Ind. App. 370; 73 N. E. 1099, it was said: "It is claimed on behalf of the appellants, in effect, that there could be no recovery under such a complaint upon proof of such a written contract. Where there has been full performance on the part of the plaintiff of a special contract so that the price in money for such performance, stipulated in the contract, is due to the plaintiff by its terms, though the action for such price may be based upon the special contract, yet this is not neces-

sary; for it is settled that in such case *indebitatus assumpsit* will lie for the recovery of the stipulated price, and the plaintiff may use the special written contract as evidence of the amount due. Such action upon the common count proceeds upon the theory that, the plaintiff having fully performed on his part, a duty has arisen on the part of the defendant to pay the stipulated price, and a new cause of action, at the option of the plaintiff, may be based upon the nonperformance of this legal duty, wherein the stipulated price is the *quantum meruit.* It is useless to question here whether this rule of pleading is contemplated by the code or logically consistent with the principles of the reformed procedure, for it is established by the decisions that it is allowable under the code." See also the following authorities: *Kerstetter* v. *Raymond* (1858), 10 Ind. 199; *Brown* v. *Perry* (1859), 14 Ind. 32; *Shilling* v. *Templeton* (1879), 66 Ind. 585; *Scott* v. *Congdon* (1886), 106 Ind. 268, 6 N. E. 625; *Jenney Electric Company* v. *Branham* (1895), 145 Ind. 314, 41 N. E. 448; *Board of Commissioners of Fulton County* v. *Gibson* (1902), 158 Ind. 471, 63 N. E. 982; *Stucky* v. *Hardy* (1895), 15 Ind. App. 19, 41 N. E. 606; *Peden* v. *Scott* (1905), 35 Ind. App. 370, 73 N. E. 1099; *Jackson* v. *Creek* (1912), 47 Ind. App. 541, 94 N. E. 416; Burns Ann. Ind. Statutes 1926, Rev., Sec. 256.

If we are correct in our conclusions, then the decision of the court is sustained by sufficient evidence and is not contrary to law, and the amount of the recovery is not too large. We believe the motion for a new trial was correctly overruled. Finding no reversible error the judgment is affirmed.