**Samuel BROWN, Defendant-Appellant,**

**v.**

**STATE of Indiana, Plaintiff-Appellee.**

**No. 45A03–8605–CR–129.**

Court of Appeals of Indiana,
Third District.

March 12, 1987.

---

Daniel L. Bella, Appellate Public Defender's Office, Crown Point, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Samuel Brown was tried by jury and was convicted of theft. Brown and another were apprehended in a garage owned by Brown's mother while they were engaged in dismantling a recently stolen car.[1]

The sole error presented on appeal concerns whether the court erred in permitting Brown to be cross examined as to whether the car he had driven to the garage on the date of the offense was also stolen and in then permitting the state to introduce rebuttal evidence that it was a stolen car.

The questions are distinct although the parties have failed to recognize the distinction.

■ During his testimony Brown put his character in issue expressing indignation that the authorities thought he was involved in the activity in the garage.[2] On cross examination the state then inquired whether Brown knew that the car he had driven to the scene was also stolen. Brown objected on the basis that this was evidence of other criminal activity but the court allowed the question to impeach.

It was properly within the court's discretion to allow the question for impeachment purposes. *Bond v. State* (1980), 273 Ind. 233, 403 N.E.2d 812.

■ The impeachment, however, concerned a collateral matter. Accordingly, it was appropriate to limit the state to the answer it received from Brown by objecting to the introduction of any evidence concerning the stolen status of the car and Brown's knowledge thereof on the ground that the evidence sought to be introduced constituted an attempt to impeach by evidence of a collateral matter. *Misenheimer v. State* (1978), 268 Ind. 274, 374 N.E.2d 523; *Bryand v. State* (1973), 261 Ind. 172, 301 N.E.2d 179. The reasons for excluding such evidence are that it may confuse and mislead the jury's attention, cause unfair surprise and waste time on extraneous matters. *See, generally, McCormick on Evidence* (3rd Ed.) pp. 109–113.

The problem is that objection on that ground was not asserted at trial. Instead counsel merely objected that the evidence should be excluded as evidence of other criminal activity, that it "was not an issue before the court" and that he was "standing" with his objection made to cross examination on the subject.

■ The well recognized rule, of course, is that an objection must assert the proper reason why evidence should be inad-

---

1. Brown's version, presented at trial, was that the other man was dismantling the car, and that Brown had just discovered this and was about to go call the police when officers entered the garage and arrested both men.

2. In addition to Brown's testimony the trial judge noted on the record in ruling on the objection that Brown's demeanor and voice characteristics on the stand displayed "righteous indignation."

missible in order to preserve any error for appellate review. *Jenney Electric Co. v. Branham* (1896), 145 Ind. 314, 41 N.E. 448; *Bingham v. Walk* (1890), 128 Ind. 164, 27 N.E. 483; *Clark v. Clark* (1980), Ind.App., 404 N.E.2d 23. The rule is a facet of our adversary system whereby counsel is called upon to call the judge's attention to the reason in law why the evidence should be excluded. When he fails to do so correctly, he may not complain on appeal that the evidence was excludible on some other ground. Thus, while the court may exclude improper evidence where it recognizes its objectionable nature, even though the objection was not correctly stated, *Gradison v. State* (1973), 260 Ind. 688, 300 N.E.2d 67, the party objecting bears the risk of the court's failure to do so. The burden is not an unfair one and serves to promote finality of dispute resolution. The error has been waived.

The judgment is affirmed.

HOFFMAN and MILLER, JJ., concur.