Nov. Term, 1857.

BECKER v. HECKER.

---

### BECKER v. HECKER.

If *A.* contract with *B.* to build a house, and *A.* is satisfied to receive the work done by *B.*, if not at the contract price, at what it is worth, *A.* is bound to pay *B.* the value received to an amount not exceeding the contract price; and if the work be not done according to contract, its value must be determined by the jury.

APPEAL from the *Tippecanoe* Court of Common Pleas. DAVISON, J.—This was an action to enforce a mechanic's lien. *Hecker* was the plaintiff below, and *Becker* the defendant. The complaint charges that defendant was indebted to plaintiff, who was a carpenter, 290 dollars, for furnishing materials and for work and labor, in the construction of a frame house for defendant, on lot No. 11, in *Orth's* addition to *Lafayette;* that the house was completed *October* 10, 1853, and on the 21st of *November,* the plaintiff filed in the recorder's office a notice that he intended to hold a lien upon the building and lot for the 290 dollars. Plaintiff demanded a judgment for his claim, and that the lot be sold for the payment thereof.

Defendant answered—1. By a general denial. 2. That

*Saturday, November* 28.

on the first of *May*, 1853, the parties entered into a contract, whereby the plaintiff agreed to build for the defendant, on said lot, a frame dwelling house, which was to be one and one-half stories high, and of ground dimensions thirty-two feet by eighteen—said house to be completed in a workmanlike manner, and be fit for comfortable occupancy within six weeks after the 10th of *May*, 1853. And as a consideration for the materials and construction of the house, the defendant agreed to pay 290 dollars, as follows: 175 dollars when it was completed, and the residue within one year after its completion, without interest. The plaintiff, in pursuance of the contract, commenced the building, and while engaged in the work defendant paid him 190 dollars. It is averred that plaintiff failed to finish the house within six weeks after the said 10th of *May;* that the same remains unfinished and abandoned by him; and that the work on the building, so far as it is done, has been performed in a careless, unworkmanlike manner, and is of no value; wherefore the defendant claims damages, &c.

There was a reply in denial of the second paragraph. The issues were submitted to a jury, who found for the plaintiff 70 dollars; and the Court, having refused a new trial, gave judgment on the verdict. The defendant appeals to this Court.

The evidence is set out in the record. In relation to the contract, *Jasper*, a witness, says it was made in his presence, in *April*, 1853, at defendant's house; that no other person was present, save the parties, the defendant's wife, and an old lady whose name witness does not know. The terms of the contract were these: Plaintiff was to build defendant a house, in a common, plain style, thirty-two feet long and twenty-eight wide. There were to be four rooms below, and two above. He was to find all the lumber and do all the work, to commence the house in *May*, and finish it as quick as he could. Defendant was to pay 290 dollars—200 dollars during the progress of the work, and the balance after it was done. This testimony, though differing materially from that of *Krutz*, another witness,

was, no doubt, regarded as true by the jury, and we are
inclined to favor their conclusion.  The evidence further
shows, that the defendant had paid the plaintiff 195 dol-
lars; that the house was finished in *October*, 1853; that
the defendant moved into it about fourteen days before it
was finished, continued to occupy it, and stated that he
was well pleased with the work.  There is at least enough
in .the testimony to have induced the jury to believe that
he was satisfied to receive the job, if not at the contract
price, at what it was worth.  He was, therefore, in view of
the repeated decisions of this Court, bound .to pay for the
value he received, to an amount not exceeding the con-
tract price.   7 Blackf. 599.—3. Ind. R. 59.—4 *id.* 79, 591.
Assuming, then, that the house was not completed in ac-
cordance with the contract, its value to the defendant,
under the rule just stated, was a question for the jury.
Relative to that point, *Jasper* testified that he worked for
the plaintiff, and helped him work on the house; that the
materials were sound, just as good as can be generally
bought; and that the house was finished by the plaintiff
in a workmanlike manner, according to the contract; that
a fair price for the job, had the contract required it to be
*neat and smooth*, would have been 425 dollars; but the
plaintiff had a *plain, common job*, agreed to do the work
as low as he could, and did it for less than it was worth.
This evidence is to some extent sustained by two addi-
tional witnesses, *Wycoff* and *Berk*.  But on the other hand,
there are three witnesses, carpenters, who examined the
building, and who concur in opinion that the job is not
done in a workmanlike manner, and that its value is at
least 94 dollars less than it would have been worth had
the house been properly built and finished.  There is, how-
ever, one essential defect in this testimony.  It does not
show that the witnesses graduated their estimate of the
defectiveness of the job, as completed, in accordance with
the stipulations in the contract entered into between the
parties.   For aught that appears, such estimate, as made,
may be the difference in value between the house as it is,
and one of the same size and dimensions built and finished

"neat and smooth," which, as shown by the evidence, would be worth 425 dollars, while the house contracted for was to be "a plain, common job." At all events, the evidence is conflicting, and it was the duty of the jury to reconcile the conflict.

The verdict, when added to the amount paid by the defendant, estimates the work and materials at 265 dollars—25 dollars less than the contract price. The finding is not plainly inconsistent with the whole evidence, and will, therefore, not be disturbed.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*E. H. Brackett, G. S. Orth* and *J. A. Stein,* for the appellant.

*S. W. Telford* and *T. Dame,* for the appellee.

