## SCHOLZ *v.* SCHNECK, ADMINISTRATOR.

[No 21,475. Filed May 10, 1910.]

1. EXECUTORS AND ADMINISTRATORS.— *Claims.*— *Requisites.*— *Answer.*—A claim against a decedent's estate must contain "a succinct and definite statement thereof" (§2828 Burns 1908, Acts 1883 p. 151, §5), and the administrator is required only to answer the allegations set forth in such claim (§2842 Burns 1908, Acts 1883 p. 151, §11).. p. 190,

2. PLEADING.— *Evidence.— Variance.—* Where the plaintiff's evidence fails to support the complaint, a judgment for defendant is proper, though such evidence should establish a different case. p. 190.

3. CONTRACTS.—*Oral.—Proof of Written.—Variance.—*A complaint upon an oral contract is not supported by evidence of a written one. p. 190.

4. CONTRACTS.—*Special.—Proof of Implied.—Quantum Meruit.—*A complaint upon a special contract is not supported by proof of an implied one, or by proof of the value received. p. 190.

5. ASSUMPSIT.—*Special Contract.—*Assumpsit lies to recover upon a completed special contract. p. 190.

6. CONTRACTS.—*Special.—Partially Executed.—Recovery upon Implied.—*Where performance of a special contract was not completed, an action lies upon an implied contract for the value of the benefits received. p. 191.

7. CONTRACTS.— *Special.— Partial Performance.—* Where plaintiff contracted to assist defendant's decedent in buying a street railroad, and in building a traction line, to examine and report on such street railroad property, to examine and report on the proposed traction line, and to go to New York in the interests of decedent, and the plaintiff examined the line of the proposed traction line, made a trip to New York in decedent's interest, and attended one meeting of a city council in the interest of the traction line, a judgment for defendant is proper, where the action was brought to recover on the special contract. p. 191.

8. APPEAL.—*Weighing Evidence.—*The Supreme Court will not weigh conflicting evidence. p. 192.

From Jackson Circuit Court; *John M. Lewis,* Special Judge.

Claim by Frederick J. Scholz against Benjamin F. Schneck, as administrator of the estate of Louis Schneck, deceased. From a judgment for defendant, claimant appeals. *Affirmed.* (Transferred from the Appellate Court under §1399 Burns 1908, Acts 1901 p. 565, §15.)

*Spencer & Brill, Wood & Jones,* and *Robinson & Stilwell,* for appellant.

*George H. Voigt* and *T. M. Honan,* for appellee.

HADLEY, C. J.—Appellant filed his claim against the estate of Louis Schneck, deceased, to recover for services ren-

dered decedent under a special contract, which said services are expressed as follows: ''Assisting said Schneck to buy the street railway system in the city of Jeffersonville, in connection with the contemplated construction of a traction line from New Albany to Sellersburg; to personal examination and report on the street railway property in the city of Jeffersonville; to examination and report on the proposed route of said road from Jeffersonville to New Albany, and proposed purchase of the pike in Floyd county; to. expenses, time and services in making a trip to the city of New York in behalf of said roads,'' for which services, it is alleged, decedent agreed to pay claimant the sum of $5,000.

No answer was filed by the administrator. The claim was tried before the court, disallowed upon a special finding of facts, and claimant appeals.

It is alleged that the court erred in its conclusions of law upon the facts found in overruling claimant's motion for judgment in his favor on the special findings, and in overruling his motion for a new trial. The special findings are, in part, as follows: ''In 1902, the Jeffersonville, New Albany and Sellersburg Rapid Transit Company, a corporation, contemplated building a traction line from New Albany to Jeffersonville in connection with a traction line from New Albany to Sellersburg, and buying the street railway system in the city of Jeffersonville. Decedent, Louis Schneck, was then the president of said corporation. In that year the claimant, Frederick A. Scholz, and Louis Schneck entered into a contract under which said Scholz agreed to assist said Schneck in buying the street railway system in the city of Jeffersonville, in building a traction line connecting the city of Jeffersonville with the city of New Albany, in connection with the contemplated construction of a traction line from New Albany to Sellersburg. He further agreed personally to examine and report on the street railway property in the city of Jeffersonville, to examine and report on the proposed route of said road from Jeffersonville to New Albany in the

proposed purchase of a pike road in Floyd county, and to make a trip to New York in the interest of said road. * * * (4) At the time said Schneck entered into said contract with said Scholz, he (Schneck) was acting as president of said corporation, for and on behalf of said corporation, and said Scholz was acting for himself. (5) At the time said Scholz entered into said contract with said Schneck, he, said Scholz, believed that said Schneck was acting for himself in the matter. (6) Said contract was in parol. (7) In said contract it was orally agreed that said Scholz should receive for his services, when performed, the sum of $5,000. (8) Said Scholz, after the execution of said contract, and while it was in force, made an examination of said proposed route between said cities of Jeffersonville and New Albany, made a trip to the city of New York in the interest of said road, attended a meeting of the common council of the city of New Albany at a time when the question of granting a franchise to the Jeffersonville, New Albany and Sellersburg Rapid Transit Company was before said council, and made inquiry with reference to the purchase of said pike in Floyd county. (9) Said Scholz did not assist in buying the street railway system in the city of Jeffersonville, did not assist in building a traction line connecting the city of Jeffersonville with the city of New Albany, did not examine the street railway property in said city of Jeffersonville, did not make a report on the street railway property in said city of Jeffersonville, did not make a report on the proposed route between said cities, and did not assist in the purchase of a pike in Floyd county.''

Upon these findings the court's conclusions of law were (1) that the law was with defendant, and (2) that said Scholz is not entitled to recover on the contract herein sued on. Appellee's motion for judgment on the special finding and conclusions of law was sustained, and this ruling claims our first attention.

The statute (§2828 Burns 1908, Acts 1883 p. 151, §5) re-

quires a plaintiff to state a particular and sufficient claim, in writing, before the court will call upon defendant to answer, and then the latter is required only to answer the allegations of the complaint (§2842 Burns 1908, Acts 1883 p. 151, §11). The issue being thus formed, the proof will be confined thereto, and if plaintiff's evidence makes out a different case, however meritorious, he must fail to recover. It would be futile and absurd to require plaintiff to state his cause of action, and defendant to disclose his defense, if either might be permitted on the trial to abandon his alleged cause or defense, and pursue or meet his adversary on wholly different grounds. So, it may be said that there is no rule of procedure better established than that the plaintiff must proceed on some definite theory, and recover on the case he makes in his complaint, or not at all. *McAroy* v. *Wright* (1865), 25 Ind. 22, 31; *Paris* v. *Strong* (1875), 51 Ind. 339, 343; *Mescall* v. *Tully* (1883), 91 Ind. 96, 99; *Milburn* v. *Phillips* (1894), 136 Ind. 680, 695; *Boardman* v. *Griffin* (1875), 52 Ind. 101; *Peden* v. *Scott* (1905), 35 Ind. App. 370. Under the rule, a party cannot sue on an oral contract and recover on a written contract (*Toledo, etc., R. Co.* v. *Levy* [1891], 127 Ind. 168, 170; *Johnston Harvester Co.* v. *Bartley* [1882], 81 Ind. 406, 408), nor declare on a special contract and recover on an implied contract (*Davis* v. *Chase* [1902], 159 Ind. 242; *Cleveland, etc., R. Co.* v. *Hollowell* [1909], 173 Ind. 466), nor sue on a special contract and recover on the *quantum meruit* (*Schaffner* v. *Kober* [1891], 2 Ind. App. 409, 414; *Sanders* v. *Hartge* [1897], 17 Ind. App. 243).

We recall but two exceptions to the general rule. Under a special contract, where performance has been fully completed and the only duty remaining is to pay the money, it is not essential to a recovery that the suit be based on the special agreement. Assumpsit will lie in such cases. *Brown* v. *Perry* (1859), 14 Ind. 32, 33; *Shill-*

*ing* v. *Templeton* (1879), 66 Ind. 585, 587; *Scott* v. *Congdon* (1886), 106 Ind. 268.

And where one party to a special, entire contract has not fully complied with its terms, but, professing to act under it, has done for, or delivered to, the other party something of value to him which he has accepted, no action will lie on such special contract, but the party who has accepted benefits thereunder from the labor of the other will be liable on an implied promise arising from the circumstance to the extent of the value received by him. *Lomax* v. *Bailey* (1846), 7 Blackf. 599; *Coe* v. *Smith* (1848), 1 Ind. *267, *270; *Kerstetter* v. *Raymond* (1858), 10 Ind. 199; *Becker* v. *Hecker* (1857), 9 Ind. 497.

It is apparent that the conclusions of law upon the facts found are based upon the principles before stated. The contract declared upon and found to have been made was an entirety, and the promised consideration a lump sum for performance as a unit. There was no rating or valuation of the items of the contract by the parties. There is nothing in the record from first to last that tends to show that the doing of part of the work undertaken, the remainder being left undone, was of value to decedent, or that he accepted it. In such cases the court will not undertake to split up the contract and apportion the consideration to the parts performed, when the parties for some reason did not do so for themselves. There is not, anywhere in the case, a reason offered as an explanation or excuse for claimant's failure to perform all the service he agreed to perform. To present a valid claim, it is alleged that he did perform them all, but the evidence shows, according to the finding, that he performed but a small part thereof.

The finding clearly makes out a special, entire contract to render services that were only partially performed, and upon which contract there can be no recovery. The court did not err in sustaining appellee's motion for judgment on the special finding and conclusions of law thereon.

Appellant's counsel insist that certain findings of the court are not sustained by sufficient evidence and are contrary to law.

We have carefully read the evidence, and given due consideration to the points made by appellant, but we find sufficient conflict upon every material question to place the finding of the court beyond our control. The probative force of the evidence was weighed by the trial judge, and we have no right to disturb his conclusions. There are other questions appearing as reasons for a new trial, which arose chiefly on the introduction of evidence, that are not argued in the briefs, and among which we fail to discern any reversible error.

Judgment affirmed.

Montgomery, J., did not participate.