## Monon Lumber Company *v.* American Case and Register Company.

### [No. 22,935.  Filed November 17, 1915.]

1. Sales.—*Sale of Goods.*—*"Special Express Contract."*—A contract in the form of an order for an account register and an agreement of the purchaser to pay a stipulated price, containing provisions waiving installation and against countermanding the order, as well as a provision that certain printed conditions on the back of the order, which were of a character that the law would not supply if omitted, should form a part of and complete the contract, was a "special express contract." p. 12.

2. Sales.—*Special Contract.*—*Remedy of Seller.*—Where by the terms of a special contract of sale of goods there is nothing left for the purchaser to perform but the payment of a sum certain as the consideration for the seller's performance of its obligations thereunder, and performance by the latter has been fully completed, the obligation to pay the sum certain may be enforced either by an action on the contract or by a general count alleging that the goods were sold and delivered and remained unpaid for. p. 13.

3. Appeal.—*Review.*—*Findings.*—In an action for the price of goods sold under a special contract, a finding that plaintiff had done all that was required by the contract, having some evidence to support it, is conclusive. p. 14.

4. Sales.—*Action for Purchase Price.*—*Evidence.*—*Special Express Contract.*—In an action for the price of goods sold under a special express contract, such contract was admissible in evidence to show the indebtedness. p. 14.

5. Corporations.—*Authority of Officers.*—*Purchase of Goods.*—One who was at the time vice president and secretary of a lumber company and had the management of the company's business, had implied authority to purchase an account register to be used in the regular conduct of the company's business. p. 14.

From White Circuit Court; *James P. Wason,* Judge.

Action by the American Case and Register Company against the Monon Lumber Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Uhl & Kassebaum*, for appellant.

Cox, J.—This appeal is from a judgment in the lower court in a suit in the nature of common-law general assumpsit. The complaint stated a cause of action for goods sold and delivered. Defendant answered by general denial. There was a judgment below for plaintiff, appellee above. Appellant assigns as error in this court the action of the court below in overruling its motion for a new trial. The causes stated as grounds for a new trial assert only the insufficiency of the evidence in fact and in law to sustain the finding for appellee.

The complaint was to recover the purchase price of an account register and its equipment sold on order by appellee to appellant and delivered, less a cash sum paid at the time the order was given. The evidence for appellee discloses a contract dated November 23, 1911, in the form of an order for the article in question and an agreement on the part of appellant to pay therefor a stipulated price a certain part of which was to be paid in cash with the order and the balance by sight draft on January 8, 1912. There was a provision that installation was waived, and another that the order should not be countermanded. There was also a provision that certain printed conditions on the back of the order should form a part of and complete the contract. These provisions were of a character not found in an ordinary contract relating to the sale of an article of merchandise and which, therefore, the law would not supply if omitted. The con-

tract, therefore, is to be deemed a special express contract. *Jackson* v. *Creek* (1911), 47 Ind. App. 541, 549, 94 N. E. 416. The order or contract was signed "Monon Lumber Company per R. S. Banes" as purchaser. In addition to the contract appellee produced as a witness, R. S. Banes, who testified that the register was proffered and demonstrated to appellant company through him, and that he signed the order or contract. He further testified that he was the vice president and secretary of the company and general manager of its business. He also testified that he subsequently received a bill of lading purporting to be a bill of lading shipping the register as ordered and got notice from the freight agent at Monon that the purchase was there; that he did not examine the goods but refused to take them out of the freight office and that appellant company had never paid any further sum on the purchase price than the sum which he paid when he gave the order. Two letters were also given in evidence signed by the president of appellant company which stated that the company had just bought one of appellee's registers for its business at Monon and which highly recommended it to others. Appellant introduced no evidence.

It is first contended that the finding and decision for appellee are not sustained by sufficient evidence and are contrary to law, for the reason that appellant's duty to pay, if there was any such duty, arose out of a special contract of sale containing numerous conditions precedent to any right to the purchase price. Appellant urges that such an obligation can only be enforced in an action on the contract, and that an action in common count will not lie. It is true that the action grew out of a special contract for the sale of goods, but it was such a contract as by its express terms left noth-

14     SUPREME COURT OF INDIANA,

Monon Lumber Co. *v.* American Case, etc., Co. —184 Ind. 11.

ing to be performed by the appellant but the payment of a sum certain as the consideration for appellee's performance of its obligations under the contract. Where such performance has been fully completed the obligation to pay the sum certain may be enforced either by an action on the contract or by a general count alleging that the goods were sold and delivered and remained unpaid for. *Scholz* v. *Schneck* (1910), 174 Ind. 186, 91 N. E. 730, and cases cited; *Board, etc.* v. *Gibson* (1902), 158 Ind. 471, 63 N. E. 982; *Jackson* v. *Creek, supra,* 548, 549. Appellant contends, however, that there was no showing that the conditions of the contract had been complied with by appellee.

There is some evidence to show that appellee had done all that the contract required and we shall not disturb the finding of the court in that respect.

The claim that a variance fatal to a recovery is shown by the contract is not sustained.

That such a contract is properly admitted in evidence to show the indebtedness is well settled in this State. *Scholz* v. *Schneck, supra,* and cases there cited.

It is also urged that the findings and judgment are not supported by sufficient evidence for the reason that there was no proof that Banes had authority to purchase the register for appellant.

There is no room for this contention. It is not disputed that Banes was at that time vice president and secretary and that all the work of managing the business of appellant company was in his hands. The goods purchased were to have been used in the regular conduct of appellant's business. These facts are sufficient basis for the court's conclusion that the contract was executed by appellant company. The office of general manager of the business of a corporation implies author-

ity in the one invested with it to do such acts as are necessary in the usual and ordinary course of the business carried on by the corporation. *Wainwright* v. *P. H. & F. M. Roots Co.* (1912), 176 Ind. 682, 687, 97 N. E. 8, and authorities there cited. We find no error in the record and the judgment is, therefore, affirmed.

NOTE.—Reported in 110 N. E. 196. Rights and remedies of seller when buyer defaults in payment of price, see 133 Am. St. 563. Authority of officer to represent corporation as inferred from manner in which he has been permitted to act, see Ann. Cas. 1913 D 646. See, also, under (2) 35 Cyc 534; (3) 3 Cyc 360; (4) 35 Cyc 568; (5) 10 Cyc 925.