WILSON AND COMPANY ET AL. v. MISSISSIPPI BOX
COMPANY.

[No. 10,707.   Filed March 16, 1921.   Rehearing denied June 9,
1921.]

1. PRINCIPAL AND AGENT.—*Unauthorized Contract.*—*Ratification
by Principal.*—*Retention of Goods Purchased.*—Where defend-
ant company knowing that another was assuming to act for it
in the purchase of goods, received and accepted and appropria-
ted them to its own use, it is estopped to deny the agency or
the authority of the one ordering the goods.   p. 105.

2. PRINCIPAL AND AGENT.—*Unauthorized Acts of Agent.*—*Rati-
fication.*—*Effect.*—Where an agent exceeds his authority, or
where a person presumes to act as agent without any authority
to so do, and his principal, in the one case, or the person for
whom he was attempting to act in the other, afterwards rati-
fies the act or transaction involved, the ratification relates back
to the time of the original act, and supplies the original want
of authority, and the principal is bound to the same extent
as if the act had been done in the first instance by his previous
authority.   p. 106.

3. SALES.—*Sale of Goods.*—*Remedy of Seller.*—*General Assump-
sit.*—Though goods are sold under an express contract, yet, if
the contract has been fully executed as to the sale, delivery and
acceptance of the goods, and nothing remains to be done except
payment of the purchase price by the seller, general assumpsit
for goods sold and delivered will lie.   p. 106.

4. PRINCIPAL AND AGENT.—*Authority of Agent.*—*Evidence.*—
*Sufficiency.*—The mere fact that an order for goods was signed,
by the person giving the order, by the defendant "per" such
person, is insufficient to show that the person giving the order
did so as defendant's agent.   p. 107.

From Johnson Circuit Court; *Fremont Miller,* Judge.

Action by the Mississippi Box Company against Wil-
son and Company and Grafton Johnson.   From a judg-
ment for plaintiff, the defendants appeal.   *Reversed
in part and affirmed in part.*

*William Featheringill, Ivory J. Drybread, J. W.
Fesler, Harvey J. Elam, Howard S. Young* and *Miller,
Barnett & Barnett,* for appellants.

*Staff & Staff* and *White & Owens,* for appellee.

ENLOE, J.—This was an action by appellee against the appellants to recover the contract price for certain tomato crates, manufactured by appellee, and alleged to have been sold and delivered by it to the appellants. The complaint was in the usual form of a complaint for goods, wares and merchandise sold and delivered, and attached thereto, as an exhibit, was a copy of the account sued on.

The appellant Wilson and Company filed its answer in general denial. The appellant Grafton Johnson filed an answer in two paragraphs—the first being a general denial. A reply in general denial to the second paragraph of said answer closed the issues, which were submitted to the court for trial with a request for a special finding of the facts. The courts made such finding and stated as its conclusion of law thereon: "That the defendants are each liable to the plaintiff for the sum of Two Thousand Four Hundred and Seventy-five ($2475) Dollars with interest thereon at the rate of six per cent. per annum from the first day of November 1917. And that the plaintiff is entitled to recover said sum of and from said defendants."

To which conclusion each of the appellants separately excepted. Judgment was rendered in accordance with conclusion of law as stated, and the separate motions of appellants for a new trial having been overruled, they prosecute this appeal upon separate assignments of error.

The appellant Wilson and Company have assigned as error: (1) Error in conclusions of law; (2) error in overruling their motion for a new trial. The same errors have been assigned by appellant Johnson.

We shall first notice the errors assigned and presented by Wilson and Company.

It is first insisted the finding of facts is insufficient to support the conclusion of law stated, because there

is no finding that Wilson and Company ever ordered or agreed to pay for the crates.

We do not deem it necessary to set out the several findings of the court in full in disposing of this case. The court found that the crates in question were ordered, "by wire and by letter," by one A. L. Stanton, on August 6, 1917, and that in said order it was stated that, "Wilson and Company have taken over all the Grafton Johnson canning interests," and that all business pertaining to said crates would be done from that date on through them and directed said crates to be shipped to Wilson and Company, at Dupont, Indiana. The court further found that Wilson and Company had, on April 10, 1917, purchased of Grafton Johnson the canning factory owned by him, at Whiteland, Indiana, and also the "shipping station" at Dupont, Indiana, and that Wilson and Company owned and operated said plant and said "shipping station" at the time said order was given. It was further found that said crates were shipped by appellee to Wilson and Company, at Dupont, Indiana, and said company duly notified thereof; that Wilson and Company received and accepted the entire number of crates ordered by said Stanton, and appropriated the same to their own use; that said Wilson and Company accepted said crates and has ever since used the same, and has ever since retained possession, after knowing that the same was invoiced to them.

Under these findings we have the appellant Wilson and Company, placing them in the most favorable position they can claim, in the situation of one who

1. knows that some person is *assuming* to act as their agent, in the purchase of goods. With this knowledge they receive and accept the goods, and appropriate the same to their own use. Suit is now brought to recover the price of the goods, which they thus received and accepted, and they seek to escape pay-

ment by saying: You have not proved—there is no finding—that we ever ordered or agreed to pay for these goods, or that the person who ordered them was our agent. This, under the facts as found, it cannot be permitted to do. It has been repeatedly held that

2. where an agent exceeds his authority, or where a person presumes to act as agent, without having any authority so to do, yet, if his principal in the one case, or the person for whom he was attempting to act in the other case, afterwards ratifies such act, such ratification relates back to the time of the original act, and supplies the original want of authority. In such case the principal is bound to the same extent as if the act had been done in the first instance by his previous authority. *Henry* v. *Heeb* (1888), 114 Ind. 275, 16 N. E. 606, 5 Am. St. 613; *Hale* v. *Hale* (1920), 74 Ind. App. 405, 126 N. E. 692.

It is next insisted that the findings show that the said crates were shipped pursuant to an *express* contract in writing, and that therefore there can be no re-

3. covery in this case upon an implied contract. It is true that the contract of sale in this case was express, but that contract, as to the sale, delivery and acceptance had been fully complied with long before this suit was brought. Nothing remains to be done but to pay the money—the purchase price therefor, and it is firmly settled in this state, that under such circumstances, general assumpsit for goods sold and delivered will lie. *Monon Lumber Co.* v. *America Case, etc., Co.* (1915), 184 Ind. 11, 110 N. E. 196. The court did not err in its conclusion of law as to appellant Wilson and Company.

It is next insisted that the evidence does not sustain the finding that Wilson and Company had any knowledge or received any notice that the said crates in question had been invoiced to them. A reading of the

evidence in this case, as found in the transcript, convinces us that each finding of the court as the same relates to appellant Wilson and Company is well supported by the evidence.

The appellant Grafton Johnson insists that as there is no finding that said Stanton was the agent of said Johnson in said matter, and no fact or facts showing any ratification of such supposed agency, and no fact or facts found which would estop said Johnson from denying such agency, the said conclusion of law is, as to himself, erroneous.

On the facts of this case it is evident that Grafton Johnson had no personal interest in the subject-matter of this suit. It is true that the order for said 4. tomato crates, under date of August 6, 1917, as found by the court, was signed, "Grafton Johnson, per A. L. Stanton." The question of agency was one of fact. As against Johnson, it was the material fact in this case. There is no finding that Johnson ever authorized or knew, prior to about October 1, 1917, anything about his name having been thus used, and there is no finding of any fact or facts which would work, as against said Johnson, an estoppel, or which would amount to a ratification of the act of said Stanton in so using his name.

We therefore conclude that as against said appellant Johnson the court erred in its conclusion of law upon the facts as found.

The judgment is therefore affirmed as to said Wilson and Company, and reversed as to appellant Grafton Johnson, with directions to the trial court to restate its conclusion of law as to said Grafton Johnson, in harmony with this opinion, and to render judgment thereon accordingly. The costs of this appeal to be taxed against said Wilson and Company.