McCORMICK *v.* DONAHUE, ADMRX., ETC. ET AL.
[No. 19,036. Filed June 12, 1958.]

*Russel J. Wildman* and *Cole, Wildman & Cole,* of Peru, for appellant.

*Hurst & Grund,* of Peru, *John Marshall,* and *Marshall, Hillis & Hillis,* of Kokomo, for appellee.

CRUMPACKER, J.—John V. Donahue, in his lifetime, did a general contracting business under the name and style of Donahue Home Supply Company. Upon his death the appellee Bernice Donahue, his widow, was appointed Administratrix of his estate and as such she was authorized, by order of the Miami Circuit Court, to continue the decedent's said business under the same name and style. Shortly prior to the transactions involved in this litigation the appellee Everett B. Castle, the owner of certain real estate in Peru, Indiana, improved by a three-story hotel building, sold the same to the appellant upon an installment contract. The appellant went into immediate possession of said property and as the hotel building was in need of repair she entered into a contract with the appellee Bernice Donahue, Administratrix, doing busi-

ness as Donahue Home Supply Company, which omitting signatures reads as follows:

"Nellie McCormick, 718 North Main Street, Kokomo, Indiana, 9/6/52.

"Donahue's Home Supply Co. agrees to furnish all materials and labor necessary for the work (specified below) on premises located at 15 East Eight St., Peru, Indiana.

"Siding Specifications

"Remove all stucco and lathe side buildings complete with Flintkote #1 asbestos siding, paint all windows and trim two coats also storm window. Install storm windows on all windows V. E. Anderson Kwick change combination storm windows and screens. 15 pound felt behind all siding, using all treated nails, all windows and door casings caulked. This material complete and installed to include all labor and material complete for

"$2400.00
   400.00 cash on delivery of materials.
   _____
   2000.00 F.H.A.

"Approximate delivery date 11/1/52.

"The undersigned property owner agrees upon completion of said work to pay the sum of $2400.00 payment to be made as follows: Cash $400.00 on delivery of material and to execute a promissory note for $ ........ F.H.A.

"Owner further agrees that the equity in this property is security for this Contract. This Contract shall become binding only upon written acceptance hereof by the Contractor or by an authorized agent of the Contractor; or upon commencement of the work.

"It is understood that the Contractor is not an agent nor a sub-contractor of any other corporation, and that no other corporation is a party to this Contract.

"This Contract constitutes the entire understanding of the parties, and no other understanding, collateral or otherwise, shall be binding unless in writing signed by both parties. Compensation, Public Liability and Property Damage carried on all workmen.

"In Witness Whereof the undersigned have hereunto subscribed their names the day and year first above written."

On April 10, 1953, the appellee Bernice Donahue, Administratrix, filed in the Recorder's office of Miami County a notice, addressed to the appellant and the appellee Everett B. Castle, of her intention to hold a mechanic's lien in the sum of $2,400.00 on said hotel property for labor and materials used by her in the repair thereof as provided by the above contract.

Claiming to have completely performed all covenants in said contract on her part to be performed and being unable to collect the money due her by reason thereof, the appellee Bernice Donahue, Administratrix, brought this suit against the appellant and the appellee Everett B. Castle. Her complaint counts on the contract and seeks personal judgment against the appellant in the amount of the contract price for the work and materials specified therein. Said complaint also seeks the foreclosure of her mechanic's lien on the property of which the appellee Castle is the owner of the legal title and for that purpose he is made a party defendant. The appellant answered this complaint in two paragraphs. The first is agreeable to Rule 1-3 and the second is a counter-claim for damages caused by the alleged failure of the appellee Donahue, Administratrix, to complete the work she contracted to do and the unworkmanlike manner in which that part of the work she actually did, was done. The appellee Castle also answered in two paragraphs, the first of which was per Rule 1-3 and the second a denial, as the owner of the property involved, of any participation in improving or repairing the hotel building or of authorizing anyone else to do so. These issues were tried to the Miami Circuit Court as the result of which the following finding and judgment was entered:

"The Court being now fully advised finds for the defendant, Everett B. Castle, that he recover his costs herein and that the Mechanic's Lien mentioned in plaintiff's complaint is null and void. The Court further finds for the plaintiff, as against the defendant, Nellie McCormick, in the sum of Twelve Hundred ($1200.00) Dollars. The Court further finds against the cross-complainant, Nellie McCormick, on her cross-complaint herein.

"All of which is ordered, adjudged and decreed."

By this appeal the appellant presents two propositions: (1) The complaint declares on the theory of an express written contract performance of which on the plaintiff's part was not proven but nevertheless the court found for the plaintiff, appellee Donahue, on an entirely different theory and therefore its decision is contrary to law. (2) The appellant proved damages as alleged in her counter-claim by uncontroverted evidence but the court ignored such evidence and denied her relief to which she was entitled as a matter of law. The judgment for the appellee Castle is not attacked so no further mention of it will be made and our use of the word "appellee" hereafter will be understood to refer to Donahue, Administratrix.

It cannot be controverted that the appellee sued on a special written contract wherein she agreed to furnish certain specified materials and to perform certain specified labor for which the appellant agreed to pay her $2,400.00. She claims in her complaint to have done everything the contract required her to do but nevertheless the appellant refuses to pay her what she agreed to pay for such services. If those assertions were established by the evidence in this case it naturally follows that the proper judgment on the complaint would be in the sum of $2,400.00, the contract price. The court however, after finding for her on her complaint, awarded her only $1,200.00. In view of the fact that the court further found against the

appellant on her counter-claim the amount of the appellee's recovery could have been arrived at only on one theory. Evidently the court concluded that although the appellee had not fully performed her part of the contract she had performed labor and furnished materials of substantial value and on a *quantum meruit* basis awarded her $1,200.00. Thus this case seems to fall squarely within the holding of *Scholz v. Schneck* (1910), 174 Ind. 186, 91 N. E. 730, wherein the Supreme Court said:

"And where one party to a special, entire contract has not fully complied with its terms, but, professing to act under it, has done for, or delivered to, the other party something of value to him which he has accepted, no action will lie on such special contract, but the party who has accepted benefits thereunder from the labor of the other will be liable on an implied promise arising from the circumstance to the extent of the value received by him. *Lomax v. Bailey* (1846), 7 Blackf. 599; *Coe v. Smith* (1848), 1 Ind. 267, 270; *Kerstetter v. Raymond* (1853), 10 Ind. 199; *Becker v. Hecker* (1857), 9 Ind. 497.

"It is apparent that the conclusions of law upon the facts found are based upon the principles before stated. The contract declared upon and found to have been made was an entirety, and the promised consideration a lump sum for performance as a unit. There was no rating or valuation of the items of the contract by the parties. There is nothing in the record from first to last that tends to show that the doing of part of the work undertaken, the remainder being left undone, was of value to decedent, or that he accepted it. In such cases the court will not undertake to split up the contract and apportion the consideration to the parts performed, when the parties for some reason did not do so for themselves. There is not, anywhere in the case, a reason offered as an explanation or excuse for claimant's failure to perform all the service he agreed to perform. To present a valid claim, it is alleged that he did perform them all, but the evidence shows, according

to the finding, that he performed but a small part thereof."

But even though we should concede the validity of a *quantum meruit* judgment in a case that declares upon a special written contract and alleges full compliance with all conditions precedent and the evidence establishes part performance only, the present judgment could not stand as there is a complete failure of proof as to the value of the materials furnished or labor done by the appellee.

In view of the fact that the matters involved in the appellant's counter-claim are so inextricably a part of the subject matter of the appellee's complaint, justice would seem to require the retrial of all the issues in the case except those involving the appellee Everett B. Castle. Therefore, the judgment for the appellee Bernice Donahue, Administratrix, on her complaint in the sum of $1,200.00 and the judgment against the appellant on her counter-claim are reversed and the judgment for the appellee Everett B. Castle is affirmed. The cause is ordered remanded to the trial court with instructions to grant the appellant's motion for a new trial of the issues joined on the appellee Donahue, Administratrix's, complaint and the appellant's counter-claim.

Note.—Reported in 150 N. E. 2d 908.